**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **RICHARD CULPEPPER** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **vs.** | ) **Cause No.: 3:07-CV-764-GPM-GDW** |
| | ) |
| **ILLINOIS CENTRAL RAILROAD** | ) |
| **COMPANY, a corporation** | ) |
| | ) |
| **Defendants.** | ) |

**COMPLAINT**

**COUNT I**
**Federal Employers' Liability Act**

COMES NOW the Plaintiff, **RICHARD CULPEPPER**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

1.      That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51-60, as hereinafter more fully shown.

2.      That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was an Illinois corporation, headquartered in Cook County, Illinois and was controlled, operated, and maintained in interstate commerce, and in transporting interstate commerce between various states including the States of Illinois and Kentucky.

3.      That on or about October 29, 2004, or on a date known more certainly to the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, the Plaintiff, Richard Culpepper, was an employee of Defendant, ILLINOIS CENTRAL RAILROAD COMPANY and had been for several years prior thereto.

4.      That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

5.      That on or about the above-said date, Plaintiff was employed by the Defendant as a locomotive engineer and while in the performance of his duty as a locomotive engineer, was operating a train at or near Fulton, Kentucky.

6.      That at said time and place the Defendant, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following negligent acts or omissions to wit:

    (a)    Failed to provide Plaintiff with a reasonably safe place in which to work;

    (b)    Failed to provide Plaintiff with a safe method of work;

    (c)    Failed to inform the Plaintiff of the presence of another train in Plaintiff's vicinity;

    (d)    Failed to provide non-defective engine seats for Plaintiff's use;

    (e)    Failed to provide clear and concise radio transmissions;

    (f)    Failed to provide qualified crews to work with the Plaintiff; and

    (g)    Allowed unsafe practices to become the common practice.

7.      That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured when a collision occurred causing Plaintiff to sustain severe and

permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones and vertebrae of the neck, back, and spine; an aggravation of a pre-existing condition; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, RICHARD CULPEPPER, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

## PLAINTIFF DEMANDS TRIAL BY JURY

**COUNT II**
**Federal Employers' Liability Act**
**(Locomotive Inspection Act)**

COMES NOW the Plaintiff, **RICHARD CULPEPPER**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, states as follows:

8.      That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Locomotive Inspection Act 49 U.S.C.A. Sections 20701 et seq., as more fully shown.

9.      That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was an Illinois corporation, headquartered in Cook County, Illinois and was controlled, operated, and maintained in interstate commerce, and in transporting interstate commerce between various states including the States of Illinois and Kentucky.

10.      That on or about October 29, 2004, or on a date known more certainly to the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, the Plaintiff, Richard Culpepper, was an employee of Defendant, ILLINOIS CENTRAL RAILROAD COMPANY and had been for several years prior thereto.

11.      That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

12.      That on or about the above-said date, Plaintiff was employed by the Defendant as a locomotive engineer and while in the performance of his duty as a locomotive engineer, was operating a train at or near Fulton, Kentucky.

13.      That the Defendant, by and through its agents, servants and employees, violated the Locomotive Inspection Act, in that it failed to provide Plaintiff with a locomotive and its appurtenances which were in a proper and safe condition, and safe to work on or about, by committing one or more of the following acts or omissions, to wit:

– 4 –

    (a)    Failed to provide Plaintiff with an operational radio;

    (b)    Failed to provide Plaintiff with safe and secure locomotive seats;

    (c)    Failed to provide Plaintiff with safe and secure engine attachments.

14.    That as a direct and proximate result in whole or in part of one or more of the above and foregoing acts or omissions on the part of the Defendant, the Plaintiff was injured when a collision occurred causing Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones and vertebrae of the neck, back, and spine; an aggravation of a pre-existing condition; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, RICHARD CULPEPPER, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

## **PLAINTIFF DEMANDS TRIAL BY JURY**

**COUNT III**
**Federal Employers' Liability Act**
**(Negligence)**

COMES NOW the Plaintiff, **RICHARD CULPEPPER**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, states as follows:

15.    That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51-60, as hereinafter more fully shown.

16.    That at all times mentioned herein, the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, was an Illinois corporation, headquartered in Cook County, Illinois and was controlled, operated, and maintained in interstate commerce, and in transporting interstate commerce between various states including the States of Illinois and Kentucky.

17.    That on or about July 17, 2005, or on a date known more certainly to the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, the Plaintiff, Richard Culpepper, was an employee of Defendant, ILLINOIS CENTRAL RAILROAD COMPANY and had been for several years prior thereto.

18.    That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

19.    That on or about the above-said date, Plaintiff was employed by the Defendant as a locomotive engineer and while in the performance of his duty as a

locomotive engineer, was operating a train in the Southern District of Illinois at or near the vicinity of Saline, Illinois.

20.     That at said time and place the Defendant, by and through its agents, servants and employees, negligently and carelessly committed one or more of the following acts or omissions to wit:

(a)     Failed to provide Plaintiff with a reasonably safe place in which to work;

(b)     Failed to provide Plaintiff with a safe method of work;

(c)     Failed to provide the Plaintiff with suitable tools, wrenches, and equipment to work upon Defendant's train cars;

(d)     Failed to inspect and replace the air hoses on its equipment;

(e)     Assigned Plaintiff job tasks beyond his physical capabilities; and

(f)     Allowed unsafe practices to become the common practice.

21.     That as a direct and proximate result, in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured when he was attempting to exchange an air hose on his train, causing Plaintiff to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones and vertebrae of the neck, back, and spine; an aggravation of a pre-existing condition; an injury to his shoulders; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to

expend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, RICHARD CULPEPPER, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

## PLAINTIFF DEMANDS TRIAL BY JURY

### COUNT IV
### Federal Employers' Liability Act
### (Repetitive Trauma)

COMES NOW the Plaintiff, **RICHARD CULPEPPER**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation states as follows:

22.     That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Federal Employers' Liability Act, 45 U.S.C.A, Sections 51-60, as hereinafter more fully shown.

23.     That during the time the Plaintiff was employed by the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation, he operated trains throughout Southern Illinois, and was exposed to repeated and repetitive trauma, continuing on a daily basis.

24.     That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

25      That Plaintiff did not realize his true medical condition and its cause until within three (3) years of the filing of this suit.

26.     That during the time the Plaintiff worked for the Defendant, the defendant, by and through its agents, servants, and employees, was negligent in committing one or more of the following acts or omissions to wit:

(a)     Failed to provide Plaintiff with a safe place to work;

(b)     Failed to provide Plaintiff with firm, and supportive locomotive seats;

(c)     Failed to inspect and repair the suspension systems on its locomotives;

(d)     Failed to inspect and repair its railroad track;

(e)     Failed to provide Plaintiff with securely-mounted locomotive chairs;

(f)     Allowed slack action to repeatedly jar the Plaintiff; and

(g)     Assigned Plaintiff to perform job tasks beyond physical capabilities;

(h)     Assigned Plaintiff to job tasks wherein he sustained repeated and repetitive trauma to his spine;

(i)     Allowed unsafe practices to become the common practice.

27.     That as a direct and proximate result in whole or in part, of one or more of the above and foregoing negligent acts or omissions on the part of the Defendant, the Plaintiff was injured by virtue of repeated and repetitive trauma to his body and spine, causing him to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones and vertebrae of the neck, back, and spine; an aggravation of a pre-existing condition; that he has sustained pain and

suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, RICHARD CULPEPPER, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

**COUNT V**
**Federal Employers' Liability Act**
**(Repetitive Trauma - Locomotive Inspection Act)**

COMES NOW the Plaintiff, **RICHARD CULPEPPER**, by and through his attorneys, KUJAWSKI & ASSOCIATES, P.C., and for this Count of his Complaint against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, a corporation states as follows:

28.     That the jurisdiction of this Court is based upon an Act of Congress of the United States, being the Locomotive Inspection Act 49 U.S.C.A. Sections 20701 et seq., as more fully shown.

29.     That during the time the Plaintiff was employed by the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, he operated trains throughout Southern Illinois, and was exposed to repeated and repetitive trauma, continuing on a daily basis.

30.     That at all times mentioned herein all or part of the duties of the Plaintiff as such an employee furthered interstate commerce conducted by the Defendant railroad or in some way directly or substantially affected said commerce.

31.     That Plaintiff did not realize his true medical condition and its cause until within three (3) years of the filing of this suit.

32.     That the Defendant, by and through its agents, servants, and employees, violated the Locomotive Inspection Act, in that it failed to provide Plaintiff with a locomotive and its appurtenances which were in proper and safe condition, and safe to work on or about, by committing one or more of the following acts or omissions, to wit:

      (a)     Failed to provide Plaintiff with firm, and supportive locomotive seats;

      (b)     Failed to inspect and repair its locomotive seats;

      (c)     Failed to inspect and repair the suspension system on its locomotives;

      (d)     Failed to inspect, repair, and replace its railroad track;

      (e)     Failed to provide Plaintiff with securely mounted locomotive chairs;

      (f)     Allowed slack action to repeatedly jar the Plaintiff; and

      (g)     Allowed unsafe practices to become the common practice.

33.     That as a direct and proximate result in whole or in part, of one or more of the above and foregoing acts or omissions on the part of the Defendant, the Plaintiff was injured by virtue of repeated and repetitive trauma to his body and spine, causing him to sustain severe and permanent injuries to wit:  injuries to the muscles, tendons, ligaments, nerves, soft tissues and bones and vertebrae of the neck, back, and spine; an aggravation of a pre-existing condition; that he has sustained pain and suffering in the past and is reasonably certain to experience pain and suffering in the future as a result of said injuries; that he has incurred permanent disfigurement and disability resulting from said injuries; that he has lost and will continue to lose large sums of money from his usual gainful occupation; that he has sustained a permanent impairment of his earning capacity; that he has become obligated in the past for medical expenses resulting from his injuries and will be obligated in the future to expend large sums of money for necessary medical care, treatment, and services; all to the Plaintiff's damage.

WHEREFORE, the Plaintiff, RICHARD CULPEPPER, prays judgment against the Defendant, ILLINOIS CENTRAL RAILROAD COMPANY, in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00) adequate to fairly and reasonably compensate him for his damages sustained herein, plus costs of this suit, plus pre-judgment interest.

<u>**PLAINTIFF DEMANDS TRIAL BY JURY**</u>

Respectfully submitted,

**KUJAWSKI & ASSOCIATES, P.C.**

**By:** **s/John P. Kujawski**
 **JOHN P. KUJAWSKI, #3128922**
1331 Park Plaza Drive, Suite 2
O'Fallon, Illinois  62269-1764
Telephone:  (618) 622-3600
Facsimile:   (618) 622-3700
**ATTORNEYS FOR  PLAINTIFF**